IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE L. PEREZ,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR. COOPER,<br><br>   Defendants. | Case No. 1:19-cv-00893 |

## COMPLAINT

NOW COMES Plaintiff, JOSE L. PEREZ, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendants, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. JOSE L. PEREZ ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Nationstar Mortgage") provides mortgage services. It offers various solutions to meet the reverse mortgage needs of its customers. The company provides its services through its representatives. Nationstar Mortgage LLC was formerly known as Centex Credit Corporation and changed its name to Nationstar Mortgage LLC in 2006. The company was founded in 1994 and is based in Coppell, Texas. Nationstar Mortgage LLC operates as a subsidiary of Nationstar Mortgage Holdings Inc.

8. Nationstar Mortgage is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

9. On October 24, 2007, Plaintiff executed a mortgage (the "Mortgage") in favor of GB Home Equity, LLC.

10. The Mortgage secured the purchase of Plaintiff's personal residence located at 621 2565 Springdale Circle, Naperville, Illinois 60564 (the "Property").

11. The Mortgage secured the repayment of the indebtedness evidenced by a home equity line of credit in the amount of $93,000.00 (the "Loan").

12. The Mortgage was subsequently assigned, sold or transferred to Nationstar Mortgage.

13. On October 31, 2016, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

14. Simultaneously with the voluntary petition, Plaintiff filed his Chapter 13 plan. Plaintiff's plan provided for the Property to be surrendered to Nationstar Mortgage.

15. Plaintiff's Chapter 13 Plan (the "Confirmed Plan") was confirmed on January 6, 2017.

16. Plaintiff successfully completed plan payments in accordance with his confirmed Chapter 13 plan.

17. On October 15, 2018, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiffs under 11 U.S.C. § 1328(a).

18. Plaintiff's discharge by operation removed Plaintiff's personal liability on indebtedness owed to Nationstar Mortgage.

19. On November 5, 2018, Plaintiff noticed that Nationstar Mortgage continued to report Plaintiff's discharged Loan to Equifax Information Services, LLC with a/an:

- Monthly payment of $377.00;
- Balance of $87,565.00;
- Payment status of 120-149 days late; and
- Amount past due of $10,076.00.

20. On November 6, 2018, Plaintiff mailed a credit dispute letter to Equifax requesting that this be investigated .

21. On November 15, 2018, Equifax sent an automated consumer dispute verification ("ACDV") to Nationstar Mortgage.

22. On December 5, 2018, Equifax responded to this ACDV by reporting Plaintiff's discharged Loan with a/an:

- Balance of $87,565.00;
- Payment status of 180 days or more late; and
- Amount past due of $30,039.00

3

23. To date, Nationstar Mortgage's inaccurate credit reporting of Plaintiff's Loan continues to harm Plaintiff.

24. Nationstar Mortgage's inaccurate credit reporting has imposed distrust on Plaintiff – who now must regularly monitor credit reports to ensure accuracy.

25. This entire experience has resulted in anxiety, frustration, and the expenditure of time.

26. Undeniably, Plaintiff is helpless to regain control of his credit standing and creditworthiness.

## CLAIMS FOR RELIEF

### Count I:
### Nationstar Mortgage's violation(s) of 15 U.S.C. § 1681 *et seq.*

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

    **A.**     **Nationstar Mortgage's failure to conduct an investigation**

29. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
>     (A)     Conduct an investigation with respect to the disputed information;
>
>     (B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
>     (C)     Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

   (i) Modify that item of information;

   (ii) Delete that item of information; or

   (iii) Permanently block the reporting of that item of information.

30. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Nationstar Mortgage received Plaintiff's dispute letter from Equifax.

31. Nationstar Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

32. Nationstar Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

33. Had Nationstar Mortgage conducted a reasonable investigation, Nationstar Mortgage would have discovered that Plaintiff's Loan was discharged through bankruptcy.

34. Nationstar Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

35. Nationstar Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information or delete that item of information.

36. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

37. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

38. Nationstar Mortgage's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Nationstar Mortgage in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Nationstar Mortgage violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 12, 2019                                  Respectfully submitted,

                                                                                  */s/ Joseph S. Davidson*

                                                                                  Joseph S. Davidson
                                                                                  Mohammed O. Badwan
                                                                                  **SULAIMAN LAW GROUP, LTD.**
                                                                                  2500 South Highland Avenue
                                                                                  Suite 200
                                                                                  Lombard, Illinois 60148
                                                                                  +1 630-575-8181
                                                                                  jdavidson@sulaimanlaw.com
                                                                                  mbadwan@sulaimanlaw.com

                                                                                  *Counsel for Jose L. Perez*